UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SERGIO CHAVEZ-VERDUZCO,<br><br>Defendant-Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent. | Case Nos.  1:20-cv-00393-BLW<br>             1:16-cr-00067-BLW<br><br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Before the Court is Sergio Chavez-Verduzco's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 202 in Crim. Case No. 1:16-cr-00067-BLW and Dkt. 1 in Civ. Case No. 1:20-cv-00393-BLW), his Motion of Status Hearing (Civ. Dkt. 11), and Motion for Appointment of Counsel (Civ. Dkt. 12). The Court has reviewed the record and the submissions of the parties. For the reasons set forth below, the Court denies the Motion for Appointment of Counsel and dismisses the § 2255 Motion. The Motion for Status Hearing is moot.

**MEMORANDUM DECISION AND ORDER - 1**

## MOTION FOR APPOINTMENT OF COUNSEL

There is no constitutional right to counsel for a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The right to counsel "extends to the first appeal of right, and no further." *Id.* Although appointment of counsel is not constitutionally guaranteed after completion of a direct appeal of a conviction, the decision of whether to appoint counsel for such matters is within the discretion of the district court. *See United States v. Harrington*, 410 F.3d 598, 599 (9th Cir. 2005).

The Rules Governing Section 2255 Proceedings provide that the Court *must* appoint counsel under Rule 6(a) to represent a defendant who qualifies for appointed counsel under 18 U.S.C. ' 3006A if necessary for effective discovery, and under Rule 8(c) if an evidentiary hearing is warranted. Under Rule 8, the Court *may* appoint counsel for a qualifying defendant at any other stage of a § 2255 proceeding. Furthermore, 18 U.S.C. ' 3006A itself provides that the Court *may* appoint counsel for a qualifying defendant seeking relief under ' 2255 if it determines "that the interests of justice so require." *See* 18 U.S.C. ' 3006A(a)(2)(B).

Here, as shown below, resolution of the § 2255 Motion does not require discovery, and there are no factual disputes to be resolved by an evidentiary

hearing. Although the Court *may* nevertheless appoint counsel, the Court finds that the interests of justice do not warrant an appointment. Chavez-Verduzco has more than adequately argued his collateral challenges and ably responded to the Government's Response in his Reply. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Accordingly, the Motion for Appointment of Counsel is denied.

## 28 U.S.C. § 2255 MOTION

### BACKGROUND

On March 8, 2016, an Indictment was filed against Chavez-Verduzco, his son Sergio Chavez-Macias, and Armando Orozco-Guillen charging one count of conspiracy to distribute 500 grams or more of methamphetamine between October 2015 and continuing until March 1, 2016. *Indictment*, Crim. Dkt. 1.

On November 8, 2016, a six-count Superseding Indictment was filed against Chavez-Verduzco and the same two co-Defendants charging the same conspiracy but extending the time frame to November 2012 to March 1, 2016 (Count One); charging Chavez-Verduzco and Chavez-Macias with distribution of methamphetamine between August and November 2012 (Count Two), between June and September 2015 (Count Three), between January 26 and 27, 2016 (Count Four), and on or about February 10, 2016 (Count Five); and operating a continuing criminal enterprise ("CCE") covering the same time period as the conspiracy (Count Six). *Superseding Indictment*, Crim. Dkt. 55.

**MEMORANDUM DECISION AND ORDER - 3**

The parties proceeded to trial on May 22, 2017, and the jury returned a verdict on June 1, 2017. *Minute Entries*, Crim. Dkts. 121 and 134. The jury found Chavez-Verduzco guilty on Counts One and Six, and not guilty on Counts Three, Four, and Five. *Jury Verdict*, Crim. Dkt. 142. The Government had previously dismissed Count Two. Crim. Dkt. 114 and 115. Chavez-Verduzco thereafter filed a Motion for Acquittal (Crim. Dkt. 144) as to both the conspiracy and the CCE convictions which the Court denied. *Mem. Dec. and Order*, Crim. Dkt. 168.

On January 11, 2018, the Court imposed a sentence of 420 months on each of Counts One and Six to run concurrently, a term of supervised release of five years on each of Counts One and Six to run concurrently, and a special assessment of $200. *Judgment*, Crim. Dkt.175. On January 16, 2018, Chavez-Verduzco's trial counsel filed a notice of appeal and continued to represent him on appeal. *Notice of Appeal*, Crim. Dkt. 178.

On May 16, 2019, the Ninth Circuit Court of Appeals affirmed this Court's decisions after finding that there was sufficient evidence to support the jury's verdict on the conspiracy and CCE counts, that the Court did not err in determining the drug quantity, and that the sentence was not procedurally erroneous or substantively unreasonable. *United States v. Chavez-Verduzco*, 770 Fed. Appx. 379, 380 (9th Cir. 2019); Crim. Dkt. 197. Chavez-Verduzco thereafter timely filed

**MEMORANDUM DECISION AND ORDER - 4**

the pending § 2255 Motion alleging various grounds of ineffective assistance of counsel at trial and on appeal.

## STANDARD OF LAW

### 1. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 provides four grounds on which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a court must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

The court may also dismiss a § 2255 motion at various stages, including pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the court does not dismiss the proceeding, the court then determines under Rule 8 whether an evidentiary hearing is required. The court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record.  *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

## 2. Ineffective Assistance of Counsel

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To establish a claim for ineffective assistance of counsel, Petitioner must prove (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. To

establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

More particularly with respect to the performance prong, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 686-87. There is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id*. at 689. This is so because "[it] is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act of omission of counsel was unreasonable." *Id.*

The *Strickland* standard is "highly demanding" and requires consideration of counsel's "overall performance throughout the case," *Kimmelman v. Morrison*, 477 U.S. 365, 382; 386 (1986), and "the totality of the evidence before the judge or jury." *Strickland,* 466 U.S. at 695.

Finally, in evaluating an ineffective assistance of counsel claim, the court may consider the performance and prejudice components of the S*trickland* test in

either order. *Id.* at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id.*

## DISCUSSION

The Government presented its case through David Wales (an individual then awaiting sentencing for conspiracy to distribute methamphetamine),[1] several law enforcement officers involved in the investigation of the charged conspiracy, text messages recovered from phones belonging to Chavez-Verduzco and co-Defendant Guillen, and expert testimony regarding the meaning of those texts in the context of a drug conspiracy.

The § 2255 Motion contains numerous overlapping claims. As the Government noted in its Response, Chavez-Verduzco appears to directly challenge or attempt to re-litigate this Court's and the Ninth Circuit's adverse rulings, evidentiary issues, and sufficiency of the evidence. The Government also argues that the various ineffective assistance of counsel claims, except for the Double Jeopardy claim, are either rebutted by the record or resulted in no prejudice. The Court will address each of these claims in turn.

---

[1] *See United States v. David Wales*, District of Idaho Case No. 1:15-cr-00214-DCN. Wales was sentenced on June 14, 2017. *Judgment*, Dkt. 388.

**MEMORANDUM DECISION AND ORDER - 8**

### 1.  Issues Addressed on Appeal

Issues decided adversely on appeal cannot be raised again or reviewed in a § 2255 proceeding because the appeals court decision becomes the law of the case. *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972). *See also United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979); and *Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975). This is so even if the issue "is stated in different terms." *Currie*, 589 F.2d at 995. So to the extent that Chavez-Verduzco again challenges the sufficiency of the evidence on the conspiracy and CCE convictions or the drug quantity calculation, those claims are dismissed.

### 2.  Failure to Challenge Double Jeopardy Claim

Chavez-Verduzco contends that he is being punished twice for a single criminal offense and that counsel was ineffective at trial and on appeal for not raising this Double Jeopardy issue.

The Supreme Court has addressed the Double Jeopardy issue in the context of concurrent conspiracy (§ 846) and CCE (§ 848) convictions:

> A guilty verdict on a § 848 charge necessarily includes a finding that the defendant also participated in a conspiracy violative of § 846; conspiracy is therefore a lesser included offense of CCE. . . . [W]e adhere to the presumption that Congress intended to authorize only one punishment. Accordingly, "[o]ne of [petitioner's] convictions, as well as its

concurrent sentence, is unauthorized punishment for a separate offense" and must be vacated.

*Rutledge v. United States*, 517 U.S. 292, 307 (1996) (citing *Ball v. United States*, 470 U.S. 856, 864 (1985)).

The Government concedes that Chavez-Verduzco should not be sentenced on both counts given that they are based on the same underlying conduct and the conspiracy is a lesser included offense of CCE. The Government further agrees that counsel's performance was deficient in failing to raise the Double Jeopardy issue and that prejudice ensued. It suggests that the Court vacate the sentence on the conspiracy count and enter an amended judgment showing only the conviction and sentence on the CCE count which would consist of 420 months of imprisonment, 5 years of supervised release, and special assessment of $100 along with the same forfeiture provisions and conditions of supervised release as originally imposed. The Court agrees. *See United States v. Jose*, 425 F.3d 1237, 1247 (9th Cir. 2005) ("[W]hen a jury convicts on both the greater and lesser included offenses, . . . the district court should enter a final judgment of conviction on the greater offense and vacate the conviction on the lesser offense.").

Chavez-Verduzco's sentence was based on the CCE offense, so his term of imprisonment will not be reduced. However, vacating both the conviction and the sentence on the conspiracy offense precludes any prejudice (such as the $100

**MEMORANDUM DECISION AND ORDER - 10**

special assessment imposed with the sentence on the conspiracy conviction) resulting from that conviction. *See Rutledge*, 517 U.S. at 302 (listing various "potential adverse collateral consequences" that could arise from having a second conviction).

### 3. Failure to Challenge Sufficiency of the Evidence Related to the CCE and the Underlying Violations.

A person is guilty of a CCE offense if he commits a felony violation of the federal narcotics laws and the violation is part of a continuing series of such violations undertaken by him "in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and from which such person obtains substantial income or resources." 21 U.S.C. § 848(c). A "continuing series" is generally considered to consist of three violations. *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1570-71 (9th Cir. 1989) (citations omitted). A charged conspiracy under § 846 may be considered as a predicate offense when determining if there are at least three violations. *Id*

Defense counsel challenged the evidence from pre-trial through the appeal via joining in motions in limine seeking to bar evidence of statements of co-conspirators and testimony on text messages recovered from his and Orozco-Guillen's phones (Dkts. 102, 103), maintaining objections to the Government's

witnesses' direct testimony and cross examining them, making oral motions for a directed verdict at the close of the Government's case (*Trial Tr.* at 590-92, Dkt. 191 at 114-15), filing a post-verdict Motion for Acquittal (Dkt. 144) challenging the sufficiency of the evidence on both the conspiracy and the CCE charges, and raising the same issues on appeal. He succeeded on Counts Three, Four, and Five. That he did not succeed on Count Six, the CCE count, does not render his performance deficient. Chavez-Verduzco does not suggest what other steps counsel could have taken other than raising a *Richardson* argument.

Relying on *Richardson v. United States*, 526 U.S. 813 (1999), Chavez-Verduzco contends that the evidence was insufficient to prove the CCE offense because the Government failed to prove beyond a reasonable doubt each of the at least three violations necessary to make up a continuing series and that counsel was ineffective for failing to raise that argument. He further contends that because the jury acquitted him of Counts Three, Four, and Five, there was no continuing series.

*Richardson* held that "a jury must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed *each* of the individual 'violations' necessary to make up that 'continuing series.'" *Id.* at 815 (emphasis added). It held that unanimity was required as to each of the predicate violations. *Id.* at 817-18. A *Richardson* claim essentially "is a claim that the jury has not been told that § 848 requires unanimous

agreement on the three particular acts comprising the 'series of violations.'"

*Stephens v. Herrera*, 464 F.3d 895, 899 (9th Cir. 2006).

Here, in relevant part, the Superseding Indictment alleged that:

> [Chavez-Verduzco and his son] did unlawfully, knowingly and intentionally engage in a continuing criminal enterprise in that they unlawfully, knowingly and intentionally violated 21 U.S.C. § 841(a)(1), 843(b), 846, *and* 856, and which violations include, *but are not limited to*, the substantive violations alleged in Counts One, Two, Three, Four, and Five . . . which violations were part of a continuing series of violations of the Controlled Substances Act. . . ."[2]

*Superseding Indictment*, Count Six, Crim. Dkt. 55 (emphases added).

The Court instructed the jury generally that the Government had the burden of proving every element of the charges beyond a reasonable doubt and defined reasonable doubt. *Jury Instructions 2 and 3*, Crim. Dkt. 140 at 3-4. The Court reiterated with respect to the CCE offense that the Government had to prove the various elements of § 848 beyond a reasonable doubt including that the defendant

---

[2] All of the cited statutes are contained in the same subchapter on controlled substances:

§ 841(a)(1) makes it unlawful to knowingly and intentionally distribute a controlled substance; § 843(b) makes it unlawful to knowingly or intentionally use any communication facility in committing or in causing or facilitating the commission of any act constituting a violation of § 841(a) or § 846; § 846 makes it unlawful to conspire to knowingly and intentionally distribute a controlled substance; and § 856 makes it unlawful to knowingly lease, rent or use any place, whether permanently or temporarily, for the purpose of distributing any controlled substance (maintain a drug-involved premises).

committed violations of the specified statutes listed in Count Six. *Jury Instruction 20*, Crim. Dkt. 140 at 23. The instruction further required that "the jury unanimously [find] that the defendant committed each of at least three such violations" alleged in the CCE count. *Id*.

The jury was amply instructed about the required unanimity and standard of proof and is presumed to have convicted on that basis. Even though the jury found Chavez-Verduzco not guilty of the specific distribution allegations in Counts Three, Four, and Five, there remained in the charge – stated in the conjunctive -- the allegations of distribution, use of a communication device, conspiracy, and use of a place to distribute a controlled substance. In other words, by finding Chavez-Verduzco guilty of the CCE offense, it arguably found unanimously and beyond a reasonable doubt that Chavez-Verduzco committed violations of each of the statutes named in the CCE count.

But even if one were to read the instruction as not requiring finding a violation of each of the named statutes, Chavez-Verduzco is not entitled to relief. For example, arguably one could read the instruction as allowing, in addition to the conspiracy violation, two distribution violations, or one distribution violation and one use of a communication facility but not a maintaining a drug facility. Admittedly, under this reading of the instructions, one would not know whether all

**MEMORANDUM DECISION AND ORDER - 14**

twelve jurors found Chavez-Verduzco guilty of the same three violations beyond a reasonable doubt.

Failure to properly instruct the jury is not a structural error requiring automatic reversal but rather an error requiring a harmless error analysis. *United States v. Montalvo*, 331 F.3d 1052, 1056-57 (9th Cir. 2003) ("Because *Richardson* errors affect only the way the jury is instructed on an element of the offense, they do not taint the trial 'from beginning to end' or undermine 'the framework within which the trial proceeds.'"). Furthermore, the harmless error standard of review enunciated in *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (requiring "substantial and injurious effect or influence in determining the jury's verdict" before [a] conviction may be set aside) (citation omitted), is applicable to cases brought pursuant to 28 U.S.C. § 2255. *Montalvo*, 331 F.3d at 1058.

Here, the Ninth Circuit determined that Wale's testimony and the text messages were sufficient to support the CCE verdict and that "[t]he evidence recounted multiple events from which a reasonable jury could conclude that Chavez-Verduzco had committed at least two predicate offenses in addition to the conspiracy. . . . *United States v. Chavez-Verduzco*, 770 Fed. Appx. 379, 380 (9th Cir. 2019) (citing *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1570-71 (9th Cir. 1989)).

As in *Montalvo*, there was overwhelming evidence to support the CCE conviction. Accordingly, the Court finds that if the CCE instruction violated *Richardson*, the error was harmless in that it did not result in a "substantial and injurious effect" on the verdict. *See Montalvo*, at 1058 ("That all twelve jurors did not *necessarily* find Mantalvo guilty of three specific predicate drug felonies is not dispositive."). The guilty verdict in this scenario would "necessarily" mean that all of the jurors found that Chavez-Verduzco committed at least three predicate felonies although it is possible that they did not agree on those felonies. *Id*. Therefore, even if defense counsel should have challenged the CCE instruction, Chavez-Verduzco suffered no prejudice.

**4.     Failure to Challenge the Allegations of the CCE Count Related to 21 U.S.C. §§ 843(b) and 856.**

Chavez-Verduzco argues that counsel was ineffective for not challenging the allegations in the CCE count pertaining to 21 U.S.C. § 843(b) (unlawful use of a communication facility) and § 856 (maintaining a drug-involved premises). His argument suggests that the jury found that he was guilty of those claims. As the Government points out, defense counsel attempted to counter those allegations through cross examination of the prosecution's witnesses, closing argument, the motion for acquittal, and on appeal.

The fact that text messages existed were evidence that a communication facility was used in connection with the offense. Defense counsel objected strenuously to the admission of translations of text messages allegedly from Chavez-Verduzco's cell phone. *Trial Tr.* at 491-92, Dkt. 191 at 15-16. On cross examination of Agent Javier Bustos regarding the contents of the cell phone, he focused on eliciting testimony from Agent Bustos that a review of the 2,369 images on Chavez-Verduzco's cell phone did not reveal any images depicting drugs or drug deals, that there were no drug deals depicted in the 512 video files, and that of the portion of the147 audio files listened to there were none relating to dealing drugs. *See generally Trial Tr.* at 517-18, Dkt. 191 at 41-42.

Defense counsel also elicited testimony on cross examination of Agent Bustos that at least some of the images on the cell phone depicted a rooster farm with "lots of roosters" and that there were a number of roosters in boxes in the back of Chavez-Verduzco's pickup when he was arrested at the Post Office. *Id*. In a further attempt to buttress his argument that Chavez-Verduzco operated a legitimate rooster farm business and to rebut other testimony, defense counsel called a witness who had visited the farm hundreds of times over a period of a year and seven months. That witness testified essentially that the business was an operating rooster farm, that she never saw drugs or drug dealing on the premises, that the roosters in the back of Chavez-Verduzco's pickup at the time of his arrest

were for shipping, and that she delivered them to the Post Office the next day. *Trial Tr*. at 640-57, Dkt. 191.

Chavez-Verduzco's claim that counsel failed to challenge the § 843(b) and the § 856 charges are rebutted by the record. Despite defense counsel's efforts, the jury, this Court, and the Ninth Circuit were not persuaded that the cell phone was not used in connection with the offense or that drug distribution activities did not take place on the rooster farm in view of the abundance of evidence to the contrary.

### 5.      Failure to Challenge a Multiple Conspiracy Case

A reading of the Superseding Indictment reveals that only one conspiracy was charged – the conspiracy between Chavez-Verduzco and his son to distribute methamphetamine – and the evidence focused on their conduct.

Count One charged:

> Beginning in at least November 2012, the exact date unknown, and continuing to March 1, 2016, in the District of Idaho and elsewhere, the defendants . . . did knowingly and intentionally combine, conspire, confederate and agree with each other and with other individuals known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine . . . .

*Superseding Indictment*, Dkt. 55.

Relying on *United States v. Lapier*, 796 F.3d 1090 (9th Cir. 2015), Chavez-Verduzco contends that the Government presented a multiple conspiracies case

which created the possibility of jury confusion and that defense counsel was ineffective for not arguing a multiple conspiracies case. The Court construes this argument as failure of counsel to argue for a multiple conspiracies jury instruction.

Under the facts in *Lapier*, the Ninth Circuit reversed and remanded the conviction on the conspiracy count after finding that the district court's failure to give a specific unanimity instruction was plain error. It found that there were arguably two conspiracies each involving a separate supplier who had no connection to each other and whose time involved with a conspiracy with Lapier did not overlap. It reasoned that some jurors could have convicted based on the conspiracy with the first supplier and others based on the second supplier. *Id.* at 1097;1101. Significantly, the district court and the prosecutor had engaged in a colloquy during argument on Lapier's motion for acquittal in which the court expressed its opinion, and the prosecutor agreed, that there were arguably two separate conspiracies. *Id*. at 1097.

Unlike the relatively short period of the conspiracy in *Lapier*, the conspiracy here alleged that Chavez-Macias and Chavez-Verduzco conspired over a period of several years to distribute methamphetamine to others. They acquired methamphetamine and distributed to others including David Wales, Brian Cluff, and James Peirsol as part of that conspiracy.

More relevant here, a multiple conspiracies issue arises when the indictment charges several defendants with one overall conspiracy. *Govt. Resp*. at 14, Civ. Dkt. 5 (emphasis added) (citing *United States v. Anguiano*, 873 F.2d 1314, 1317 (9th Cir. 1989) (finding multiple conspiracy instruction not warranted where an individual is the sole defendant.). As stated in *Anguiano*, a multiple conspiracies instruction is warranted where "the proof at trial indicates that a jury could reasonably conclude that *some of [several] defendants were only involved in separate conspiracies* unrelated to the overall conspiracy charged in the indictment." *Anguiano*, at 1317 (emphasis added) (citations omitted). The court observed that "[i]n this type of situation, one of the defendants argues that he or she was only involved, if at all, in a minor conspiracy that is unrelated to the overall conspiracy . . . and that a multiple conspiracies instruction is required in order to ensure that there is no 'spillover' of guilt from one defendant to another." *Id*. at 1318. *See also United States v. Torres*, 869 F.3d 1089, 1101 (9th Cir. 2017) (citing *Anguiano*, finding defendant was not entitled to a multiple conspiracies instruction where there was no evidence that she "was *only* involved in separate conspiracies unrelated to the [charged] conspiracy) (emphasis in original)).

Here, Chavez-Verduzco is not claiming that the evidence showed that he was only involved in a minor, unrelated conspiracy. He denies all participation in the conspiracy. Both this Court and the Ninth Circuit agreed that the evidence

**MEMORANDUM DECISION AND ORDER - 20**

supported every element of the single conspiracy charge. Even without the text

message evidence, the conviction was supported:

> Based on the testimony of David Wales and other witnesses, the
> jury could have concluded beyond a reasonable doubt that
> Chavez-Verduzco agreed with some combination of Wales, co-
> defendant Sergio Chavez-Macias, and other unindicted
> individuals to sell methamphetamine. Indeed, Wales testified
> that he did exactly that.

*Chavez-Verduzco*, 370 Fed. Appx. at 379.

Chavez-Verduzco cannot show deficient performance or prejudice in

connection with counsel's failure to raise the issue of multiple conspiracies.

### 6.    Failure to Challenge Hearsay Statements of David Wales

Chavez-Verduzco alleges that defense counsel failed at trial and on appeal to

challenge the admission of David Wales' testimony about hearsay statements made

by Brian Cluff[3] in violation of *Crawford v. Washington*, 541 U.S. 36 (2004).

Specifically, he contends that he was prejudiced by the admission of Wales'

testimony about those statements because there was no showing that Cluff was

unavailable, and that because those statements were testimonial, *Crawford* required

---

[3] Brian Cluff was convicted of conspiracy to distribute methamphetamine and possession
of a firearm in connection with a drug trafficking crime and sentenced to a term of incarceration
of 322 months on October 12, 2016. *See United States v. Brian Cluff, et al.*, District of Idaho Case
No. 1:16-cr-00055-BLW. *See Judgment*, Dkt. 69.

**MEMORANDUM DECISION AND ORDER - 21**

that he should have had an opportunity to confront and cross-examine Cluff. However, *Crawford* is not applicable here.

"The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." *Crawford*, 541 U.S. at 42. *Crawford* made clear that the Confrontation Clause applies not only to in-court testimony but also may apply to *testimonial* out-of-court statements introduced at trial. *Id*. at 50-51 (emphasis added). If the statements are testimonial, those statements are not admissible unless the witness is unavailable to testify and the defendant had had a prior opportunity to cross examine. *Id.* at 59. However, if a statement is admissible under Fed. R. Evid. 801(d)(2)(E), there is no violation of the Confrontation Clause in admitting it because the requirements for each are identical. *Bourjaily v. United States*, 483 U.S. 171, 182 (1987). "A showing of unavailability is not required when the hearsay statement is the out-of-court declaration of a co-conspirator." *Id*. (citation omitted). *See also United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) ("[C]o-conspirator statements are not testimonial and therefore beyond the compass of *Crawford's* holding.")

Under Rule 801(d)(2)(E), an out of court statement is not hearsay "if it is 'offered against an opposing party' and was '[1] made by the party's coconspirator [2] during and in furtherance of the conspiracy.'" *United States v. Saelee*, 51 F.4th

327, 340 (9th Cir. 2022) (citing Fed. R. Evid. 801(d)(2)(E)). "If the parties dispute whether these two requirements of the rule have been met, 'the offering party must prove them by a preponderance of the evidence.'" *Id*. (citing *Bourjaily v. United States*, 483 US. 171, 176 (1987)). When determining whether the offering party has carried its burden, the statement should be considered together with independent evidence to establish that the statement was made in furtherance of the conspiracy. *Id*. (citing *United States v. Castaneda* 16 F.3d 1504, 1507 (9th Cir. 1994)). "[T]he independent evidence must be such that, taken together with the alleged coconspirator statements, it can 'fairly' be said to be 'incriminating.'" *Id*. (citation omitted).

Here, defense counsel for acquitted co-Defendant Orozco-Guillen filed his First Motion in Limine (Crim. Dkt. 88) seeking to exclude admission of Cluff's statements through the testimony of Wales on the grounds that they were hearsay and did not fall under the coconspirator exception to the hearsay rule (Rule 801(d)(2)(E)). Co-Defendant Chavez-Macias's defense counsel and Chavez-Verduzco's defense counsel joined in that motion. Crim. Dkts. 100 and 102, respectively. The Court heard argument on the motion prior to the start of testimony. *See Trial Tr.* at 39-43, Dkt. 189 at 17-21. The Court advised that, in accordance with its usual practice, it would allow the testimony subject to the statement being tied in and the conspiracy being proven. *Id*. at 39-40; 43.

Additionally, during Wales' testimony, all defense counsel either objected to or joined in the objections to testimony regarding Cluff's statements culminating in a continuing objection joined in by all defense counsel. *See id.*, at 137, 145, 147-48, and 149.

Although counsel (and co-Defendants' counsel) consistently challenged the admission of Cluff's statements, he did not specifically challenge on *Crawford* grounds. Such a challenge would have failed due to *Crawford's* inapplicability to a coconspirator's out of court statements that meet the requirements of Rule 801(d)(2)(E). Therefore, Chavez-Verduzco has not established deficient performance or prejudice.

Likewise, the failure to raise the issue on appeal was not deficient. Appointed counsel is not required to raise every possible issue on appeal if he decides "as a matter of professional judgment" not to do so. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). In fact, weeding out of weaker issues is "one of the hallmarks of effective advocacy." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (noting that counsel will often omit issues that have little likelihood of success). Here, there would have been no chance of success. Chavez-Verduzco has not established deficient performance or prejudice for failure to raise the *Crawford* issue on appeal.

### 7.      Failure to Challenge Drug Amounts

Chavez-Verduzco contends that defense counsel failed to challenge the drug quantity. The Government responds that the finding was based on evidence collected by surveillance, an undercover officer's controlled buys into the conspiracy, statements admitted from Brian Cluff and David Wales, the physical evidence seized from Brian Cluff's shop and the Shadowmoss address, money seized from co-Defendant Guillen's vehicle, and text messages between the Chavezes and others. *Gov't. Resp.* at 20. Crim. Dkt. 5.

The record reflects that defense counsel consistently challenged the conspiracy evidence on which the drug quantity was necessarily based and the drug quantity itself. The record shows that he did so in his Motion for Acquittal, his Objections to the Presentence Report, and on appeal. Despite his efforts, this Court and the Ninth Circuit determined that there was sufficient evidence to support the jury's finding of 500 grams or more of methamphetamine and the Court's finding at sentencing of at least 45 kilograms involved in the conspiracy.

In his Motion for Acquittal, defense counsel argued that there was "no credible proof of any hand-to-hand deliveries of drugs between Chavez-Verduzco and anyone else, that he was never in possession of any drugs or money from drug sales, that his prints were not on the seized drug packaging, and no evidence of

wired money transactions or banking records tying him to drug proceeds. *Mot. For Acquittal*, Dkt. 144-1 at 3.

In his closing argument, defense counsel focused on the fact that Chavez-Verduzco had no methamphetamine, paraphernalia, scales, ledgers, or packing material in his possession and that there was no fingerprint or DNA evidence recovered from the packaging materials. Furthermore, the drug dog did not alert to drugs in his vehicle. *Trial Tr.*

In his objections to the Presentence Report, defense counsel objected to most of the offense conduct and to the resultant drug quantity and offense level computations. *Objections to PSR*, Dkt. 154.

On appeal, defense counsel argued that the Court had erred by miscalculating drug quantities for relevant conduct purposes. *United States v. Chavez-Verduzco*, Case No. 18-30009 (9th Cir. May 30, 2018), *Appellant's Br.*, Dkt. 12 at 33-36. In addition to arguing that there was insufficient evidence of a conspiracy to distribute methamphetamine, counsel argued that Wales' testimony attributing hundreds of pounds of methamphetamine to Chavez-Verduzco was not credible and that Cluff had other sources of supply. He further argued that approximately 31 kilograms of methamphetamine relating to Counts Four and Five should not have been attributed to them. *Id.*

**MEMORANDUM DECISION AND ORDER - 26**

Chavez-Verduzco's claim that counsel failed to challenge the drug quantity is amply rebutted by the record. Accordingly, he has not met the first prong of the *Strickland* test, and his claim is subject to dismissal.

## CONCLUSION

Because Chavez-Verduzco's conspiracy conviction and sentence violates the Double Jeopardy Clause, the Court will prepare and enter an Amended Judgment that reflects dismissal of that charge. At sentencing, the Court imposed a special assessment of $200 ($100 on each count of conviction). Within the next sixty (60) days, Chavez-Verduzco may come forward with evidence regarding the outstanding balance, if any, of the $200 assessment. If he has paid the entire assessment, the Court will order a refund of the $100 attributable to the conspiracy conviction. If he has an outstanding balance, the Court will reduce the assessment to $100 and refund any amount over $100 that he has paid. The Court would also direct the Probation Office to provide any information it has on this assessment and the amount still owing, if any.

All other claims are dismissed.

## CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability. The standard to obtain review is lower than that required for a petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy

this lower standard when the court has denied a § 2255 motion, a petitioner must

show reasonable minds could debate over the resolution of the issues or that

questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d

946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable

jurists would not find its determinations regarding Chavez-Verduzco's claims to be

debatable or deserving of further review. Accordingly, the Court will not issue a

certificate of appealability as to any issue raised in the § 2255 motion.

## ORDER

**IT IS HEREBY ORDERED that:**

1.     Chavez-Verduzco's Motion for Appointment of Counsel (Civ.
       Dkt. 12) is **DENIED.**

2.     Chavez-Verduzco's Motion to Vacate, Set Aside or Correct
       Sentence Pursuant to 28 U.S.C. § 2255 (Crim. Dkt. 202 in Case
       No. 1:16-cr-00067-BLW and Civ. Dkt. 1 in Civ. Case No. 1:20-
       cv-00393-BLW) is **GRANTED IN PART AND DENIED IN
       PART**. It is granted to the extent that it seeks to dismiss the
       conviction for conspiracy as violating the Double Jeopardy
       Clause. It is denied and dismissed in all other respects.

3.      Chavez-Verduzco's conviction for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, Count One of the Superseding Indictment, Case No. 1:16-cr-00067-BLW, is hereby **VACATED**.

4.      The Clerk shall prepare an Amended Judgment reflecting the dismissal of the conspiracy charge and reducing the special assessment to $100. All other terms and conditions of the original Judgment shall remain the same.

5.      Chavez-Verduzco's Motion for Status Hearing Update (Dkt. 11) is **MOOT**.

6.      No Certificate of Appealability shall issue. If Chavez-Verduzco wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a Certificate of Appealability from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2).

7.      If Chavez-Verduzco files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the

**MEMORANDUM DECISION AND ORDER - 29**

notice of appeal, together with this Order, to the Ninth Circuit

Court of Appeals.


DATED: March 3, 2023

B. Lynn Winmill
U.S. District Court Judge