UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO CHAVEZ VERDUZCO,<br><br>Defendant. | Case No. 1:16-cr-00067-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendant's pro se motion for reduction of sentence, brought pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. *See* Dkt. 219. Defendant has also asked the Court to appoint counsel to assist him with this motion. *See* Dkt. 220. After considering the briefing and record, the Court will deny the motion.

### BACKGROUND

On January 11, 2018, the Court sentenced Mr. Chavez-Verduzco to 420 months' imprisonment and five years' supervised release after he was found guilty of being part of a continuing criminal enterprise. *See Judgment*, Dkt. 175; *see also Am. Judgment,* Dkt. 211. Defendant's guidelines-range sentence was life imprisonment, based on a Total Offense Level of 43 and a Criminal History

Category of I. *See Statement of Reasons,* Dkt. 176. Defendant had zero criminal history points, and this is the basis of his motion for a sentence reduction.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines would indeed lower a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1,

2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Defendant focuses on his eligibility under Part B, which deals with zero-point offenders.

Part B of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose instant offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023).

Part B of the amendment does not apply here because although Mr. Chavez-Verduzco did not receive any criminal-history points, (1) he received a two-point increase in his offense because a firearm was possessed, and (2) he was convicted of being a participant in a continuing criminal enterprise. As such, he is not eligible for a reduction in sentence under Part B of the amendment. *See* U.S.S.G. § 4C1.1(a)(7) & (11)) (providing that zero-point offenders must meet a variety of criteria to apply for an adjustment, including, among others, not having possessed a firearm in connection with the offense and not having engaged in a continuing criminal enterprise). On reply, Mr. Chavez-Verduzco raises a variety of new arguments, none of which are persuasive.

For these reasons, the Court will deny the motion for a sentence reduction.

MEMORANDUM DECISION AND ORDER - 3

The Court will also deny the motion to appoint counsel. There is no constitutional right to counsel in connection with this motion. Further, the Court finds no basis to appoint counsel because the issues are straightforward and it is readily ascertainable from the record that Defendant is ineligible for relief under the amendment.

## ORDER

**IT IS ORDERED that** Defendant's Motion for a Reduction of Sentence (Dkt. 219) and Appointment of Counsel (Dkt. 220) are **DENIED**.

DATED: March 3, 2026

_____
B. Lynn Winmill
U.S. District Court Judge